IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DERICK SMITH,**

    **Plaintiff,**

vs.                                                     **1:07CV58-MP/AK**

**D. R. FARCAS, et al,**

    **Defendants .**

    _____/

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 16). Leave to so proceed has been granted in a separate order. (Doc. 17).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. The Court has considered the explanations given by Plaintiff in his response to the show cause order that this action concerns a separate disciplinary report from that at issue in another case, Case No. 1:06cv195, and finds that both cases should proceed separately as filed. (Doc. 17), there are a number of problems with the claims asserted that must be remedied before the Court will order service of the pleading in Case No. 1:07cv58, on the defendants.

As an initial matter, Plaintiff refers the Court to a habeas petition filed in state court and attached to his complaint as an exhibit for the facts supporting his case. This

is not appropriate. Plaintiff should assert the facts he claims supports this *civil rights* action in the space provided in the form complaint and attach pages if necessary. He also should make clear which DR he is complaining about and assert facts pertaining to this DR only, the petition for habeas contains facts not relevant to the claims concerning DR 211060082, which Plaintiff contends is the only DR at issue in this case.

To summarize Plaintiff's claims, he was issued a disciplinary report on January 18, 2006, by Defendant Woodard for "lying to staff." He complains that this DR was falsified and he was denied due process, particularly he was denied witnesses and evidence at the DR hearing and upon investigation. He seeks money damages against thirteen defendants for these due process violations. He asserts no injuries, except that his rights were violated.

"[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

Plaintiff alleges no injury in his complaint resulting from the DR he allegedly received falsely and without due process. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits

relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available, but Plaintiff seeks only money damages.  See Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[1], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Nominal damages may still be recovered even though there are no compensable damages, but Plaintiff has offered no factual support for money damages leaving only the possibility of an award of $1.00.  Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

Plaintiff's primary claim regarding denial of due process has been adequately asserted against Defendant Queen for failing to interview witnesses or obtain evidence during his investigation; Defendant Woodard for falsifying the DR in retaliation for filing grievances against her; and Defendant Watson and Miller for denying his witnesses and other evidence at the DR hearing.  However, his claims against these persons for violating FDOC regulations that entitled him to "free society," and "preventive discipline" are not federal or constitutional issues, and should be deleted from an amended complaint.  As the complaint form instructs, Plaintiff should provide facts supporting each claim against each defendant in a clear and concise manner, not requiring the Court or the Defendants to comb through numerous exhibits to find the facts.

---

[1] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

Plaintiff's claims against Defendant Hudson for retaliating against him in her law library duties are not clear. It appears she asked him to address envelopes prior to mailing his legal materials, which he did, and she may have complained about him to others, but it is not clear that she participated in the DR process or had the authority to initiate a DR against him. If he wishes to pursue this claim against her, he needs to make his facts against her clear.

Plaintiff asserts similar claims against Defendants Devore, Collins, Polhill, Farcas, McCallum, Pleskovich, Dickens, and Montito-Banasco for knowing about their subordinates' misconduct and doing nothing about it; failure to train them; and having a policy or custom of allowing their subordinates to "do wrong."

Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). That is, these defendants must have taken personal action in relation to the due process violations alleged or instructed the subordinates to take the actions they took and more than conclusory allegations along these lines must be asserted.

Plaintiff asserts claims against these persons for a policy or custom of allowing their subordinates to "do wrong," but he has identified the "policy" nor identified these people as policy makers. If he is asserting that these defendants had a policy that was enforced throughout the prison, he must provide facts that show they could implement

such a policy and did so by examples of other incidents.  Plaintiff has asserted only his claim of their "policy" as it was applied to his DR.  Proof of a single incident is generally not sufficient to impose liability.  City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985) (there is an exception if the act is made by the policymaker and premised upon an existing policy).  See also Gilmere v. City of Atlanta, 737 F.2d 894, 904 (11th Cir. 1984).

Plaintiff also claims that these persons are liable for failing to train their subordinates.  Liability may exist under section 1983 if an employee has not been adequately trained and this failure caused the violation of a constitutional right.  City of Canton v. Harris, 489 U.S. 378, 387 (1989); Gilmere v. Atlanta, 774 F.2d 1495, 1503-1504 (11th Cir. 1985).  In such a case, liability is not based on the doctrine of *respondeat superior*, rather it is based on the supervisor's own actions or inactions, *i.e.* the failure to train.  The failure to train must evidence "a deliberate indifference" to the rights of those injured.  Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489-90 (11th Cir. 1997), *quoting* City of Canton, 489 U.S. at 389.  And again, proof of a single incident is generally insufficient to sustain a failure to train claim because those officials who are responsible for making policy must be on notice of the constitutional deficiencies. Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990).  In Wright, the Eleventh Circuit held that a sheriff's department could not be held liable for the actions of a deputy unless there was evidence "of a history of widespread prior abuse," such that the sheriff was "on notice of the need for improved training or supervision." *Id.*  See also Church v. City of Huntsville, 30 f.3d 1332, 1342-46 (11th Cir. 1994) (holding that plaintiff's claims could not succeed without proof that the City had knowledge of prior incidents); Popham

v. City of Talladega, 908 f.2d 1561, 1564-65 (11th Cir. 1990) (finding no liability for failure to train when no pattern of incidents put the City on notice of a need to train); Gold v. City of Miami, 151 F.3d 1346, 1350-51) (11th Cir. 1998).  Thus, none of Plaintiff's claims against Defendants Devore, FCollins, Polhill, Farcas, McCallum, Pleskovich, Dickens and Montito-Banasco are viable without more facts.   Finally, Plaintiff asserts a claim against Defendant Polhill for "destroying evidence," but more facts supporting this claim need to be provided.  If Plaintiff is complaining that Polhill destroyed the video surveillance tape that he requested at his DR hearing, he needs to provide facts that support his claim that Polhill had the tape and destroyed it.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **July 7, 2008.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this   *17th* day of June, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**